IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID L. DANIELS                                                      PLAINTIFF

                    v.                    Civil No. 07-5019

BRADLEY L. KARREN;
JUDGE DAVID CLINGER;
KIP WHITTEMORE;
CLAY FOWLKES; NICOLE
BAKER; and the BENTON
COUNTY PROSECUTING
ATTORNEY'S OFFICE                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

David L. Daniels, currently an inmate of the Benton County Detention Center, filed this civil rights action under 42 U.S.C. § 1983.  The complaint was provisionally filed prior to a determination regarding plaintiff's status as a pauper and service of process.

### DISCUSSION

Daniels names as defendants Judge David Clinger, Benton County Circuit Court, Bradley L. Karren, his former attorney, Kip Whittemore and Clay Fowlkes, of the Benton County Prosecuting Attorney's Office, Nicole Baker, a public defender, and the Benton County Prosecuting Attorneys' Office.  In his complaint, Daniels alleges he was railroaded on theft of property and rape charges.  He alleges Judge David Clinger engaged in improper conduct in a number of ways including illegally sentencing Daniels to a term of imprisonment of fourteen years.  Daniels asserts his attorney, Bradley Karren, provided ineffective assistance of counsel and broke the confidentiality between a client and his attorney by telling the prosecutors about a crime Daniels witnessed.

-1-

Daniels maintains the Benton County Prosecuting Attorney's Office had him arrested on the theft of property and rape charges although they knew the date of birth and social security number on the affidavit of probable cause did not belong to him. Further, he maintains the Prosecuting Attorney's Office filed criminal charges of failure to appear, rape, sexual assault, and theft of property, against him in violation of the Speedy Trial Act and railroaded him on the charges.

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section 1915, which governs proceedings filed in forma pauperis, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained in forma pauperis status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee but are allowed to pay it in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

-2-

The three strikes rule applies to Daniels.  He has had three previous actions that qualify as strikes against him under section 1915(g).  *See Daniels v. Judge Tom Keith.*, Civil No. 06-5142 (dismissed as frivolous on 1/3/2007–no appeal filed); *Daniels v. VanWinkle, et al.*, Civil No. 06-5119 (dismissed as frivolous on 7/27/2006–no appeal filed); *Daniels v. Saxton, et al.*, Civil No. 06-5104 (dismissed as frivolous on 8/21/2006–no appeal filed).

In this case, there is no allegation that Daniels is currently under imminent danger of serious physical injury.  *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).[1]  Therefore, Daniels is not eligible for IFP status.

This case is also subject to dismissal because it is frivolous.  David Clinger, a circuit judge, is immune from suit.  *Mireles v. Waco*, 502  U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").  *See also Duty v. City of Springdale,* 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

---

[1]In *Ashley v. Dilworth,* 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit held that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of the filing.  Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(s) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* at 717.

Judicial immunity is overcome in two situations:  (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11.  It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity."  *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)).  "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects."  *Nollet*, 85 F. Supp. 2d at 210.  As amended by the FCIA  § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Daniels does not allege that either of these prerequisites for injunctive relief are met.  *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).  Thus, to the extent Daniels seeks injunctive relief his claims are subject to dismissal.

-4-

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Daniels' complaint as against Kip Whittemore, Clay Fowlkes, and the Benton County Prosecuting Attorneys' Office is also subject to dismissal. First, the Benton County Prosecuting Attorneys' Office is not subject to suit under § 1983. It is not an entity subject to suit separate from the individual who is the county prosecutor. *See e.g., Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).

Second, the prosecuting attorneys are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is

-5-

entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorneys are entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Daniels' complaint seeks injunctive relief against the prosecuting attorneys, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Daniels can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Finally, Daniels' claims against Bradley Karren and Nicole Baker are subject to dismissal. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. An attorney does not act under color of state law while representing a client. *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999)("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

-6-

**CONCLUSION**

Accordingly, I recommend that Daniels' IFP application be denied as he is not eligible to proceed IFP because of the application of 28 U.S.C. § 1915(g). However, having filed this action, Daniels remains liable for the filing fee. *See e.g., In re Tyler*, 110 F.3d 528, 529-530 (8th Cir. 1997)(Even if the petition is dismissed, the full filing fee is still assessed because the Prison Litigation Reform Act makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal). For this reason, the clerk should be directed to collect the $350.00 filing fee from the plaintiff.

Further, I recommend that this case be dismissed on the grounds that the claims are frivolous, fail to state claims on which relief can be granted, and seek relief against defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Daniels has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Daniels is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of March 2007.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-7-