IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID L. DANIELS                                                                   PLAINTIFF

       v.                               Civil No. 07-5019

BRADLEY L. KARREN;
JUDGE DAVID CLINGER;
KIP WHITTEMORE;
CLAY FOWLKES; NICOLE
BAKER; and the BENTON
COUNTY PROSECUTING
ATTORNEY'S OFFICE                                                                 DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the undersigned for report and recommendation is the plaintiff's motion for leave to appeal in forma pauperis (IFP) (Doc. 11). On May 2, 2007, United States District Judge Jimm Larry Hendren denied plaintiff's application to proceed IFP, based on the application of the "three strikes" provision contained in 28 U.S.C. § 1915(g) assessed the filing fee pursuant to the terms of the Prison Litigation Reform Act, and dismissed the lawsuit on the grounds the claims were frivolous and/or were asserted against individuals immune from suit (Doc. 9). Plaintiff filed a notice of appeal on June 8, 2007 (Doc. 13).

Daniels filed this action pursuant to 42 U.S.C. § 1983 on January 26, 2007. He named as defendants Judge David Clinger, Benton County Circuit Court, Bradley L. Karren, his former attorney, Kip Whittemore and Clay Fowlkes, of the Benton County Prosecuting Attorney's Office, Nicole Baker, a public defender, and the Benton County Prosecuting Attorneys' Office. In his complaint, Daniels alleges he was railroaded on theft of property and rape charges. He

alleges Judge David Clinger engaged in improper conduct in a number of ways including illegally sentencing Daniels to a term of imprisonment of fourteen years. Daniels asserts his attorney, Bradley Karren, provided ineffective assistance of counsel and broke the confidentiality between a client and his attorney by telling the prosecutors about a crime Daniels witnessed.

Daniels maintains the Benton County Prosecuting Attorney's Office had him arrested on the theft of property and rape charges although they knew the date of birth and social security number on the affidavit of probable cause did not belong to him. Further, he maintains the Prosecuting Attorney's Office filed criminal charges of failure to appear, rape, sexual assault, and theft of property, against him in violation of the Speedy Trial Act and railroaded him on the charges.

As was discussed in greater detail in the report and recommendation filed on March 8, 2007 (Doc. 7), all of Daniels' claims were subject to dismissal. First, David Clinger, a circuit judge, is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Second, Daniels' complaint as against Kip Whittemore, Clay Fowlkes, and the Benton County Prosecuting Attorneys' Office was subject to dismissal. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976)(Prosecuting attorney immune from suit); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982)(Prosecuting attorney's office not subject to suit). Finally, Daniels' claims against Bradley Karren and Nicole Baker were subject to dismissal. *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose v. Kelly*, 187 F.3d 999 (8th Cir.

1999)("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  As all claims were clearly frivolous and/or asserted against individuals immune from suit, any appeal would not be taken in good faith. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

I therefore recommend that the motion for leave to appeal be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3).  I further recommend that the clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act.  Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit.  Fed. R. App. P. 24(a).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of June 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)